UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ASHIQUE SOOMRO,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, TIMOTHY KRAUS,
and JAMES LAMUR,

                  Defendants.
------------------------------------X

13 CV 0187

COMPLAINT

PLAINTIFF DEMAND
A TRIAL BY JURY

Plaintiff Ashique Soomro, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby allege as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff Ashique Soomro was an adult male and a resident of Queens County in the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3. At all times hereinafter mentioned, defendant Timthy Kraus whose shield number was/is 20901, was a member of the NYPD, and was employed, retained, trained and supervised by New York City. Kraus is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, defendant James Lamur whose

shield number was/is 30315, was a member of the NYPD, and was employed, retained, trained and supervised by New York City. Lamur is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where three of the plaintiffs and defendant City of New York reside, and where the events complained of herein occurred.

7. Plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. The within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10. On or about October 10, 2011, at or about 11:40 a.m., plaintiff was lawfully driving a taxi cab westbound on West 57 Street in New York County.

11. As he passed through, or was otherwise near the intersection with Fifth Avenue, plaintiff's passenger instructed plaintiff to stop the cab to allow the passenger out.

12. At this time a police officer, believed to be defendant Kraus, banged on the roof of plaintiff's taxi cab and ordered him to speed up.

13. Plaintiff responded by accelerating and continuing westbound on 57 Street.

14. Plaintiff stopped at the next intersection, which was Sixth Avenue.

15. At that time plaintiff was stopped by members of the NYPD, who ordered him out of the taxi cab.

16. Plaintiff was then handcuffed and arrested.

17. Plaintiff was processed at a local NYPD station house before being transported to central booking.

18. Defendant Lamur was the arresting officer. Following the arrest, Lamur swore out a complaint in which he alleged that plaintiff drove away from an encounter with defendant Kraus with "half of informant's body [ ] still in said taxi" and that Kraus was "hanging out of the taxi" and that he subsequently fell and suffered injuries.

19. Lamur further alleged that plaintiff intentionally engaged in this conduct with the express purpose of preventing Kraus from performing his duties as a member of the NYPD.

20. Lamur claimed to have been informed of the above by defendant Kraus, who knew and understood that this information would be used as a justification for the arrest of plaintiff and the basis for a criminal prosecution of the plaintiff.

21. This information was materially false as Kraus was never halfway in plaintiff's car, and under the facts and circumstances actually or constructively known at the time, there was no basis for either defendant to believe this was true.

3

22. Moreover, there was no basis to believe that plaintiff was aware that any portion of Kraus's body was in the car or that Kraus had been injured.

23. Lamur completed arrest paperwork containing the above factual claims and provided this information to the New York County District Attorney's office ("NYDA") while plaintiff was being held at either the station house or central booking.

24. This information was provided to the NYDA with the understanding and expectation that the NYDA would rely on defendants' representations and commence a criminal prosecution against the plaintiff.

25. In fact, once it received this false information from the defendants, the NYDA proceeded to commence a criminal prosecution against the plaintiff under docket 2011NY073704.

26. Plaintiff was then arraigned on one charge of Assault under New York Penal Law § 120.05(3), which is a D Felony under New York law.

27. Bail was set at the prosecution's request.

28. Plaintiff was not able to post bail until October 14, 2011, at which time, having already spent four days in custody, he was finally released from jail.

29. Plaintiff was required by the criminal court to return to court for numerous appearances.

30. Finally, on November 29, 2012, the charge was dismissed against plaintiff and the criminal prosecution terminated in his favor.

31. At all times relevant herein, the defendants were acting within the

scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

32. Plaintiff repeats the allegations contained in paragraphs "1" through "31" above as though stated fully herein.

33. Defendants willfully and intentionally arrested and imprisoned plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or caused such an arrest and imprisonment to occur.

34. Defendants willfully and intentionally subjected plaintiff to malicious prosecution by providing false and misleading information to the NYDA with the understanding and/or expectation that this information would be the basis for the NYDA's criminal prosecution of the plaintiff, and did so without a reasonable basis to believe that there was probable cause for the prosecution independent of the falsified and/or misleading evidence.

35. Defendants deliberately fabricated evidence and in so doing denied the plaintiff his right to due process and a fair trial.

36. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, malicious prosecution, deprivation of due process and a fair trial through the fabrication of evidence, and thereby violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiff repeats the allegations contained in paragraphs "1" through "37" above as though stated fully herein.

39. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

40. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

41. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an

NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

42. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

43. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

43. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.);

h. *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

      r.    *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

      s.    *Ariza v. City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.);

44. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

45. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

46. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

47. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## THIRD CAUSE OF ACTION

48.     Plaintiff repeats the allegations contained in paragraphs "1" through "47" above as though stated fully herein.

49.     The individual and municipal defendants are liable to plaintiff for false arrest, false imprisonment, malicious prosecution, and the denial of due process through the fabrication of evidence.

50.     By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii. on the second and third causes of action actual damages in an amount to be determined at trial;

    iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
      January 7, 2013

REIBMAN & WEINER

By: _____
Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743